**FILED**
**U.S. District Court**
**District of Kansas**
04/03/2026
**Clerk, U.S. District Court**
**By:** JAL **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DARSHAWN L. WITHERSPOON,

    **Plaintiff,**

    v.                      **CASE NO. 26-3079-JWL**

WYANDOTTE COUNTY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. Plaintiff alleges that a deputy alleged that he felt threatened because Plaintiff was talking in his cell. (Doc. 1, at 1.) Plaintiff claims that something is hooked up to him from a tazer, causing him to hear voices. *Id*. at 2. Plaintiff seeks $3,000,000 "because it has ruin[ed] his life in so many ways and it is still determinantal to [him]." *Id*. at 5.

The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Prior to filing the instant Complaint, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Witherspoon v. Wyandotte Cty.*, Case No. 10-2694-EFM (Doc. 6) (dismissed for failure to state a claim) (D. Kan. Jan. 25, 2011); *Witherspoon v. Wyandotte Cnty. Criminal Justice Sys.*, Case No. 11-2140-EFM-GLR (Doc. 8) (dismissed for failure to state a claim) (D. Kan. May 7, 2011); *Witherspoon v. Florez*, Case No. 11-3166-SAC (Doc. 9) (dismissed for failure to state a claim) (D. Kan. June 29, 2012); *Witherspoon v. Wyandotte Cnty.*, Case No. 12-3188-SAC (Doc. 4) (dismissed for failure to state a claim) (D. Kan. Nov. 6, 2012); *Witherspoon v. Wyandotte Cty.*, Case No. 13-3069-SAC (Doc. 7) (dismissed for failure to state a claim) (D. Kan. July 17, 2013).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that the Court denies Plaintiff leave to proceed in forma pauperis.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 1, 2026,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 3, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**